**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **SELECTIVE SIGNALS, LLC,**<br>      **Plaintiff,**<br>v.<br>**FORTINET, INC.,**<br>      **Defendant.** | Case No. 6:17-cv-64-RWS-KNM<br><br>**JURY TRIAL DEMANDED**<br><br>*(Consolidated Lead Case)* |
| **SELECTIVE SIGNALS, LLC,**<br>      **Plaintiff,**<br>v.<br>**PALO ALTO NETWORKS, INC.**<br>      **Defendant.** | Case No. 6:17-cv-65-RWS-KNM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF SELECTIVE SIGNALS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PALO ALTO NETWORKS, INC.'S MOTION TO TRANSFER TO THE <u>NORTHERN DISTRICT OF CALIFORNIA</u>**

Plaintiff Selective Signals, LLC ("Selective") hereby files this Response in Opposition to Defendant Palo Alto Networks, Inc.'s ("PAN") Motion to Transfer Venue to the Northern District of California (Dkt. No. 17 and supporting exhibits; hereinafter, the "Motion"). In support of its Opposition, Selective states as follows:

**I. INTRODUCTION**

On January 31, 2017, Selective filed four cases in the Eastern District of Texas including the case against PAN. In all cases, Selective is asserting infringement of U.S. Patent No. 8,111,629 ("the '629 Patent"); thus, this Court will be addressing similar issues related to infringement, validity, and damages in the remaining cases.

1

In its Motion, PAN's primary basis for moving this case to the Northern District of California is that its witnesses and documents are located there. In fact, PAN recounts numerous facts about the people, places and things that it believes are pertinent to the transfer analysis. While it may appear at first glance that these "facts" favor transfer, in reality, many of these "facts" offered by PAN are either not relevant to the transfer analysis or are overestimated as to their value to the transfer analysis. On the other hand, the actual facts relevant to the transfer analysis favor keeping the case in Texas or, at the very least, are neutral as to transfer.

PAN has failed to carry its heavy burden to demonstrate that the Northern District of California is a clearly more convenient venue than this District. *See In re Volkswagon of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re TS Tech USA Corp.,* 551 F.3d 1315, 1320 (Fed. Cir. 2008). Instead, transfer of this case would improperly shift inconvenience from PAN to Selective and destroy any judicial economy achieved by having all of the Selective cases handled in a coordinated fashion before a single court.

As discussed in more detail below, Selective has significant contacts with Texas and has no contacts in the Northern District of California. As plaintiff in this matter, and in the other pending litigations involving the '629 Patent, Selective has selected Texas as its choice of forum for these cases, and this choice of forum should be given its preference. It is true that the pending cases are in their early stages, but there will be overlapping issues of law and fact associated with Selective's claims of infringement and any attempts by either PAN, or the other defendants, to challenge the validity of the '629 Patent. Therefore, in the interests of justice, Selective should not be required to present its case before multiple courts and run the risk of obtaining inconsistent judgments, including but not limited to any rulings related to claim construction.

## II. SELECTIVE'S FACTS RELEVANT TO MOTION TO TRANSFER

Selective is a Texas limited liability company, formed on December 23, 2015, with its principal place of business at 211 E. Tyler St., Suite 600-A, Longview, TX 75601. This principal place of business is the only office maintained by Selective Signals, and Selective's principal place of business is located in Gregg County, Texas, in the Eastern District of Texas. *See* Declaration of Nicolas Labbit ("Labbit Decl.") at ¶ 3, Exs. A and B.

Selective is in the business of patent licensing and is the owner by assignment of U.S. Patent No. 8,111,629 (the "'629 Patent"). *See* Labbit Decl. at ¶ 4. Since its formation in December 2015, Selective has been actively engaged in efforts to identify potential licensees, to license, covenant, or otherwise grant rights to the '629 Patent, and to enforce the '629 Patent against potential licensees who have been unwilling to enter into a license. *Id.*

Nicolas Labbit is the Manager of Selective Signals, LLC, the plaintiff in this lawsuit. Mr. Labbit organized Selective, and has been the sole Manager of Selective Signals since its formation. *See* Labbit Decl. at ¶ 5, Ex. A. Mr. Labbit is also a member of the State Bar of Texas, in good standing since being admitted to practice law in 2012, and is also admitted to practice in the Eastern District of Texas. *See* Labbit Decl. at ¶ 5.

Mr. Labbit currently lives in Longview, Texas, in the Eastern District of Texas and has lived in Longview since December of 2010. Prior to that, Mr. Labbit resided in Nacogdoches, Texas, also in the Eastern District, and attended college in Nacogdoches and law school in Fort Worth. *See* Labbit Decl. at ¶ 6. Accordingly, Mr. Labbit has lived and worked in Longview long before Selective was formed and long before this lawsuit was brought and has strong connections to this area.

A primary reason for the location of Selective's principal place of business being in Longview is that Mr. Labbit lives there. *See* Labbit Decl. at ¶ 7. There is nothing manipulative or otherwise illegitimate about Selective's business or its location in the Eastern District of Texas. *Id.* Further, Mr. Labbit expects to be a witness at the trial of this case and it would be far more convenient for Mr. Labbit to appear as a witness in Tyler, Texas, than in the Northern District of California. *Id.* at ¶ 9.

Mr. Labbit's duties as Manager has included setting up the formation of Selective, finding evidence of infringement, drafting and verifying claim charts and infringement contentions, discussing the litigations with outside counsel, and executing all licensing and settlement agreements. *Id.* at ¶ 8.

Selective maintains all of its physical and electronic documents (other than documents that may be solely in the possession of Selective's outside counsel), at its principal place of business in Longview, in the Eastern District of Texas. *See* Labbit Decl. at ¶ 10. The documents located at Selective's office in Longview include Selective's corporate records, documents relating to its formation, banking records, Selective's license agreements, and all other documents related to Selective's business. *See* Labbit Decl. at ¶ 10. To the extent Selective may have documents that are solely in the possession of its outside counsel, those documents are also located in the Eastern District of Texas. The office of Selective's outside counsel, Brandt Law Firm PC, is also in Longview. *See* Labbit Decl. at ¶ 11.

Selective also maintains its business bank account with Citizens National Bank, which has multiple branches in Longview, near Selective's principal place of business and Mr. Labbit's place of residence. *See* Labbit Decl. at ¶ 12.

Selective is also properly registered with the Comptroller's Office of the State of Texas, in compliance with its franchise tax responsibilities. Its State Tax ID number is 32059644818. Selective has not had to pay franchise taxes in Texas to date, but it is in compliance with all reporting responsibilities in Texas. *See* Labbit Decl. at ¶ 13.

Selective has never filed any lawsuit or conducted any business in the Northern District of California. It would be inconvenient for Selective to litigate in the Northern District of California. In addition, Selective's documents are in the Eastern District of Texas, not in the Northern District of California, and Selective's documents would have to be transported to the Northern District of California if the case was transferred. All of these things would subject Selective to additional cost and inconvenience if this case were transferred to the Northern District of California. *See* Labbit Decl. at ¶ 14.

In summary, Selective is a bona fide Texas company and citizen of the State of Texas. The Eastern District of Texas is a far more convenient venue for Selective to litigate this case than the Northern District of California. *See* Labbit Decl. at ¶ 15.

### III.     LEGAL ARGUMENT & AUTHORITIES

PAN's motion to transfer should be denied because PAN has failed to carry its heavy burden to demonstrate that the Northern District of California is a clearly more convenient venue than this District. *See In re Volkswagen of Am., Inc.,* 545 F.3d at 315; *In re TS Tech.,* 551 F.3d at 1320. Instead, transfer of this case would improperly shift inconvenience from PAN to Selective, impose inconvenience on Selective's witnesses, and destroy the judicial economy realized by having each of Selective's cases handled before a single court.

The legal standards for evaluating and deciding a venue transfer motion under § 1404(a) are well-known to this Court. The burden is on the party seeking transfer, as set forth above.[1] When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *In re TS Tech*, 551 F.3d at 1319. The specific factors are listed in PAN's brief. *See* PAN's Motion at p. 8 and 12. If a defendant does not meet its burden to show that the transfer is "clearly more convenient," the plaintiff's choice of venue must be respected. *In re TS Tech,* 551 F.3d at 1320.

A.  **PAN Has Not Met Its Burden to Show that the Northern District of California Is a Clearly More Convenient Forum.**

   1.  **Private Interest Factors**

      a.  **Factors Involving Party Witnesses and Documents**

For Selective, as set forth above, the relative ease of access to its party witnesses and documents favors this District, or at the very least, is neutral. As this Court has previously held in cases where a legitimate patent assertion entity was the plaintiff, there is nothing illegitimate or sinister about Selective being in the Eastern District of Texas and bringing suit in its home district where its Manager, Mr. Labbit, is located and has lived for years. Under those circumstances, the plaintiff's sources of proof are entitled to weight in the venue analysis. *See Advanced Processor Techs. LLC v. Analog Devices Inc.*, 2013 U.S. Dist. LEXIS 38800 *24 (E.D. Tex. Mar. 19, 2013) (finding that a patent assertion entity's sources of proof were entitled to weight and finding that it operated a legitimate patent licensing business); *see also NovelPoint Learning LLC v. LeapFrog Enters.*, 2010 U.S. Dist. LEXIS 128906 *12 (E.D. Tex. Dec. 6, 2010) (finding that plaintiff's presence in the Eastern District of Texas was entitled to weight in the venue analysis, where two

---

[1] Selective does not dispute that this case could have been brought in the Northern District of California.

of its three principals lived in Texas, and formation and location of plaintiff company was not manipulated to create venue in the Eastern District of Texas under Federal Circuit precedent). As stated previously, the Manager of Selective lives in Texas and in this District and the formation and location of Selective was not done for the purpose of manipulating venue in the Eastern District. *See* Labbit Decl. at ¶ 7.

It is true that PAN has identified several party witnesses and documents in the Northern District of California, and it is also true that there is a presumption that more documentary evidence will come from the defendant (*see In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). Pertaining to these witnesses, the Northern District of California would be a more convenient forum under the 100-mile rule, but these witnesses are party witnesses, and are therefore accorded less weight in the analysis. Motion at 9.

In addition, with respect to electronic data, this Court has noted that given the ease in the modern era of transferring electronic data from one place to another, the location of this data weighs only slightly in favor of transfer to the defendant's home venue. *See Rembrandt Patent Innovations, LLC v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 105231 *5 (E.D. Tex. Aug. 1, 2014).

Even if these party witness factors were treated as equal, a redistribution of inconvenience does not make the proposed transferee venue "clearly more convenient." *See ComCam Int'l, Inc. v. Mobotix Corp.*, 2014 U.S. Dist. LEXIS 118588 *10 (E.D. Tex. Aug. 26, 2014). In sum, the factors involving party witnesses and documents certainly do not support transfer.

      b.      **Factors Involving Third-Party Witnesses and Documents**

Factors involving third-party witnesses and documents weigh against transfer in this case. This factor requires the Court to look at non-party witness convenience rather than convenience of the party witnesses. *Geotag, Inc. v. Aromatique, Inc.*, 2013 U.S. Dist. LEXIS 173481 *29 (E.D.

Tex. Jan. 14, 2013) *citing Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). Further, regardless whether transfer is sought for key party or non-party witnesses, the moving litigant must make more than a general allegation that the key witnesses are inconveniently located. *Mohamed*, 90 F. Supp. 2d at 775. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Id.* PAN has not identified any third party witnesses located within the Northern District of California. Accordingly, the factors involving third-party witnesses and documents weigh against transfer or, at the very least, are neutral.

        **c.**        **Other Practical Problems (i.e., Judicial Economy)**

Most importantly, judicial economy weighs strongly against transfer. As noted above, there are several related cases involving the '629 Patent pending in this District. "Where multiple and parallel lawsuits in two different jurisdictions are contemplated, judicial economy weighs heavily in the Court's transfer analysis." *ComCam,* 2014 U.S. Dist. LEXIS 118588 at *10; citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). In *ComCam*, the pendency of six other related cases here caused this Court to conclude "that considerations of judicial economy and efficiency weigh substantially against transfer." *Id.*

This Court has also noted that it is free to consider the benefits to judicial economy that arise from having the same judge handle multiple suits involving the same patent. *Macrosolve, Inc. v. Geico Ins. Agency, Inc., et al.*, Case No. 6:12-cv-74, Dkt. No. 78, slip op. at p. 8 (E.D. Tex. Jan. 30, 2014) (Mitchell, J.) (citing *In re EMC Corp.,* 501 F. App'x 973, 976 (Fed. Cir. 2013). As stated above, there are a total of four related actions pending in this Court. Under these circumstances, judicial economy weighs strongly against transfer.

### 2. Public Interest Factors

#### a. The Local Interest in Having Localized Interests Decided at Home

As previously discussed, Selective is a bona fide citizen of Texas and this District, existing and operating here for legitimate practical and business reasons. Selective occupies and pays for physical space in this District. *See* Labbit Decl. at ¶ 3. Its Manager is a lifelong resident of this District. *See* Labbit Decl. at ¶ 6. These facts show that the Eastern District of Texas has a local interest in the outcome of this case. *See Advanced Processor*, 2013 U.S. Dist. LEXIS 38800 at *24 (finding that the location of the patent assertion entity plaintiff in this District and the fact that it operates a legitimate patent licensing business gives rise to a legitimate local interest in this District, and stating, "[M]any business and academic institutions enforce their patent rights through private companies; such a business strategy is not nefarious[.] [I]t would be improper to treat such non practicing entities as anything less than holders of constitutionally protected property rights, those rights having been legitimized by the Patent & Trademark Office."); *see also NovelPoint Learning LLC,* 2010 U.S. Dist. LEXIS 128906 at *23-24 (Eastern District of Texas has a local interest in the outcome of the case, even though the plaintiff was a non-practicing entity, because its connections to Texas were legitimate). These meaningful connections to this District, PAN's sale of the accused products in Texas and this District; and the fact that PAN maintains a sales support center in this District supports a public and particularized local interest in Texas and this District. *See* Motion at 4.

Accordingly, even though the Northern District of California may have a local interest in adjudicating a dispute involving a company based there, this is entirely counter-balanced by this District's local interest in the dispute that Selective has filed here. *Accord Advanced Processor*, 2013 U.S. Dist. LEXIS 38800 at *24; *see also Rembrandt Patent Innovations*, 2014 U.S. Dist.

LEXIS 105231 at *8-9 ("The Court has previously been highly skeptical of arguments that a particular jurisdiction has a 'local interest' that amounts to a bias in its jury pool. [citation omitted] A predisposition toward one party, independent of the merits of the case, cannot be the kind of 'local interest' cognized by the federal rules, and this Court gives this consideration no weight in its analysis. The Court finds that this factor is neutral.").

### b. Familiarity with Governing Law and Conflicts of Laws Are Neutral

PAN suggests that the public interests factors, relating to familiarity with the governing law, court congestion, and the conflicts of laws are neutral in the transfer analysis. *See* Motion at p. 12. Selective agrees that these factors are neutral.

## IV. CONCLUSION

Selective is a small company with limited resources. To transfer the burden of litigating in its home district of Texas to the Northern District of California, a place where Selective has no connections at all, impermissibly transfers the inconveniences of litigation from PAN to Selective. The burden placed on Selective by transferring this case to the Northern District of California must be overridden by proof that the Northern District of California is the clearly more convenient forum, which is a burden that PAN has not met. Comparing the relative resources of the two parties, PAN's minor burden of providing documents and potentially transporting witnesses to this district, where it has a local presence, does not override the burden of requiring Selective to leave its home jurisdiction, inconvenience its witnesses, and run the risk of inconsistent judgments, especially on claim construction. For these reasons, Selective respectfully requests that the Court

deny PAN's Motion to Transfer. Selective further requests that the Court grant it any such other and further relief to which it is entitled.

Dated: August 3, 2017          Respectfully submitted,

                                             */s/ Todd Y. Brandt*
                                             Todd Y. Brandt
                                             TX SB # 24027051
                                             BRANDT LAW FIRM
                                             222 North Fredonia St
                                             Longview, Texas 75601
                                             Telephone: (903) 212-3130
                                             Facsimile: (903) 753–6761
                                             tbrandt@thebrandtlawfirm.com
                                             ***Attorneys for Selective Signals, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 3rd day of August, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                             /s/ *Todd Y. Brandt*
                                             Todd Y. Brandt